IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JUBILEE GROUP HOMES, INC., § § Plaintiff, § § versus § § NINA DENCHUKWU ULASI, § § Defendant, § § and § § UNITED STATES OF AMERICA, § § Intervenor. § | CIVIL ACTION NO. 1:23-CV-213 |

**REPORT AND RECOMMENDATION ON**
**INTERVENOR'S MOTION TO APPROVE THE SALE OF PROPERTY (Doc. #24)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this case to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Intervenor's Motion to Approve Sale of Emily Property to H&E Group LLC for $140,000. (Doc. #24.) After an evidentiary hearing and a review of the record, the undersigned recommends granting the motion and entering an order approving the sale.

**I.   Discussion**

On December 14, 2023, the court entered a final judgment that provided for the sale of the real property at issue. (Doc. #20.) Pursuant to the final judgment and 28 U.S.C. §2001(a), the

court appointed Dayna Simmons as Receiver to take possession of and arrange for the sale of the property by public auction. (Docs. #22, #23); 28 U.S.C. §2001(a).[1] Intervenor filed the instant motion to approve the sale of the property on May 23, 2024. (Doc. #24.) On June 7, 2024, Plaintiff filed objections to the sale claiming Ms. Simmons received a competing offer of $150,000 for the property, but the objections did not provide any specific details about this other offer. (Doc. #27.) Intervenor responded to those objections, explaining why Mauro Loya and Loyalty REI LLC ("LRL") did not, in fact, provide a valid offer on the property at issue. (Doc. #28.) On June 26, 2024, the undersigned held a hearing on the issue.

After review of all relevant evidence, the undersigned finds that $140,000 offered by H&E Group LLC is fair given the condition of the property and based on sworn testimony from the Receiver regarding the value of the property. In fact, the Receiver listed the property at $100,000 but procured a best and final offer of $140,000 from H&E Group LLC. The undersigned, therefore, recommends approving the sale of the property to H&E Group LLC for $140,000. The undersigned also finds that Plaintiff did not provide sufficient evidence to establish that LRL had provided Ms. Simmons a proper offer. Specifically, there is no evidence that LRL provided proper proof of funding required for an offer.

## II. Conclusion and Recommendation

The court should **GRANT** Intervenor's motion to approve the sale of the property to H&E Group LLC for $140,000 (doc. #24) and enter an order approving the sale (doc. #24-2).

---

[1] As the agreed final judgment provides that the sale of the property at issue will take place by a public auction, the court need not apply the procedure used to confirm private sales under 28 U.S.C. §2001(b). (Doc. #20 at 3); *see generally United States v. Scherer*, 532 F. Supp. 3d 485, 489 (S.D. Ohio 2021) (explaining the procedural differences when a court approves a sale conducted by public auction versus a private sale).

### III. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 26th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE